DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Stephen T. Haley, appeals from the judgment of the Summit County Court of Common Pleas denying his motion to vacate judgment. This Court affirms.
 I. {¶ 2} On April 2, 2003, Appellant filed suit against Appellee, James N. Thompson, alleging that Appellee had committed breach of contract, defamation, and engaged in corrupt activity. In his complaint for breach of contract, Appellant alleged that he had loaned $5,250.00 to Appellee, and Appellee had failed to repay the money as he had promised. In his remaining claims, Appellant alleged that Appellee, along with his business, Ice Pirates Corporation, and Lillian Gilbert, Appellant's sister, attempted to extort him. Appellant alleged that these entities demanded that he pay them a sizable amount of money or that they would publicly state that he had stolen money from their securities fund. When Appellant refused to pay Appellee, Appellee and the others sent letters to members of the community stating that Appellant had stolen money from the brokerage account belonging to Ms. Gilbert.
 {¶ 3} Appellee and the other defendants never filed answers to Appellant's complaint. As such, default judgment was entered on Appellant's claim of breach of contract. Following this judgment, Appellant, Appellee, and Ms. Gilbert attended mediation. At the mediation, the parties agreed to reduce the default judgment to $2,800. In addition, Appellee and Ms. Gilbert would author a letter stating that their previous accusations about Appellant were entirely false. In return, Appellant would dismiss his remaining claims and permit payment of the $2,800 to be spread over a year. The terms of this settlement were placed on the record at a hearing before a magistrate. In entering judgment, the trial court incorporated the transcripts of the magistrate's hearing into its entry.
 {¶ 4} Subsequently, Appellee failed to fulfill his obligations under the settlement agreement. While a letter was drafted by Appellee, it was delivered several months beyond the deadline agreed to by the parties. Further, Appellee was to pay $200 a month for a year, paying off the balance of the $2,800 at the end of that year. However, Appellee had only made one payment in the amount of $100 and that was untimely. As a result, Appellant filed a motion to vacate the judgment of the trial court which set out the terms of the settlement agreement. In his motion, Appellant alleged that Appellee had committed fraud on the court and fraudulently induced Appellant into settlement. Ultimately, the trial court denied Appellant's motion to vacate on August 13, 2004. Appellant timely appealed, raising three assignments of error for review. As Appellant's first and second assignments are related to the denial of Appellant's motion, they will be addressed together.
 II. ASSIGNMENT OF ERROR I
"Appellant was denied his due process rights of notice and a fair hearing when the magistrate allowed [appellee] to appear through a letter, which was not served upon appellant and it did not have `proof of service' endorsed on the letter, nor was the `proof of service['] filed separately, which appellant did not receive notice of until after the hearing had commenced, and which was unsworn, rather than requiring [appellee] to appear in person and allow the appellant to cross-examine [appellee] as to [his] intent concerning the agreement [he] entered into with appellant on September 29, 2003, and the truthfullness (sic) of [his] representations made in the letter."
 ASSIGNMENT OF ERROR II
"The magistrate made significant factual errors concerning the terms of the settlement agreement reached at a hearing held september 29, 2003, wherein the terms of the agreement were memorialized by placing them on the record and making the transcript of that hearing a part of the record; causing the magistrate's decision to be [an] application of law to inaccurate facts serverly (sic) prejudicing the appellant."
 {¶ 5} In each of his assignments of error, Appellant argues that the trial court erred in failing to vacate the settlement agreement between the parties. Specifically, Appellant argues that the trial court improperly admitted evidence and made factual errors in stating the terms of the settlement agreement. This Court finds that the trial court did not commit reversible error.
 {¶ 6} This Court reviews a trial court's denial of a motion to vacate for an abuse of discretion. Turowski v. Apple Vacations, Inc., 9th Dist. No. 21074, 2002-Ohio-6988, at ¶ 6. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} We agree that the trial court improperly considered letters written by Appellee when the letters had not been filed with the court or served on Appellant. "Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." Civ.R. 5(D). As such, the magistrate erred in making any reference to these letters. However, as noted below, regardless of the content of these letters, Appellant cannot succeed utilizing Civ.R. 60(B), and as such, the magistrate's error has not prejudiced Appellant.
 {¶ 8} In his Civ.R. 60(B) motion, Appellant asserted that at the time the parties entered into a settlement agreement, Appellee had no intention of honoring the agreement. As such, Appellant argued that he was fraudulently induced into settlement, and that he was entitled to vacate the judgment entry which set forth the terms of settlement. However, Appellant came forward with no evidence of Appellee's intent to defraud him. To the contrary, the record reflects that while no payments on the settlement agreement were made at the time Appellant filed his motion, Appellee had provided the letter required by the settlement. While this letter was provided ten days past the deadline established by settlement, it was provided with the language agreed to by the parties.
 {¶ 9} Further, "Civ.R. 60(B) was not intended as a mechanism by which parties may redress noncompliance with a prior agreement or judgment."Cogswell v. Cardio Clinic of Stark Cty., Inc. (1991), 5th Dist. No. CA-8553. In Cogswell, the court noted that the appellee
"urges that when the court learns that a settlement agreement, approved by the court, and calling for future performance is breached, such court has the right to vacate the judgment and set aside the settlement agreement. We find no such authority in the law, and conclude, to the contrary, that such a proposition would emasculate the underlying principle of giving final judgments of courts of law binding integrity." Id.
Here, Appellant made no showing that Appellee committed fraud on the court or fraudulently induced him to enter into settlement. As noted, the magistrate should not have made reference to Appellee's claims that he was financially unable to make payment. However, Appellant presented no evidence of the fraudulent intent of Appellee. Appellant's argument to the trial court does not constitute evidence. Rather, Appellant has simply shown that Appellee failed to comply with the settlement agreement which, as noted, is insufficient to justify vacating the court's prior entry.
 {¶ 10} Appellant is not, however, without a remedy. When parties agree to a settlement, "the court has the authority to sign a journal entry reflecting the agreement and to enforce the settlement." Klever v. Stow
(1983), 13 Ohio App.3d 1, 4. In the instant matter, the magistrate specifically noted that "[t]he court will keep continuing jurisdiction over this matter and make sure the terms are complied with." Further, the settlement agreement between the parties provided that Appellant's default judgment in the amount of $5,250 would be reinstated if Appellee failed to comply with the terms of the settlement agreement.
Appellant's Counsel: "In settling this case we're giving up a few claims Mr. Haley has for what we believe is defamation. And in doing so we were willing to reduce the amount of the default judgment to the $2,800 which was a substantial reduction. I believe, Your Honor —"
Court: "Are you telling me that if he doesn't pay that then the [default judgment] will be applied against him?"
Appellant's Counsel: "Yes, Your Honor, because this is the agreement that —"
Court: "All right."
 {¶ 11} Appellant neglected to file a motion asking the trial court to enforce the provisions of the agreement. Unquestionably, the record demonstrates that Appellee is in breach of the settlement agreement. A motion to vacate is simply the wrong procedural vehicle by which Appellant should have proceeded. Accordingly, Appellant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III
"The court abused its discretion by failing to enter default judgment against [appellee] on the remaining counts by granting [appellant's] motion for default judgment filed september 5, 2003 when [appellee] had failed to file an answer to [appellant's] amended complaint within the time permitted by CIV.R. 12(a) prior to the hearing held September 29, 2003."
 {¶ 12} In his final assignment of error, Appellant alleges that the trial court erred in failing to grant default judgment in his favor on the second and third counts of his complaint. This Court disagrees.
 {¶ 13} Based upon our above discussion, Appellant was not entitled to vacate the settlement agreement reached by the parties. As a part of that agreement, Appellant agreed to relinquish his claims for defamation. Accordingly, Appellant cannot seek default judgment for the claims he agreed to give up as a result of settlement. Accordingly, Appellant's third assignment of error is overruled.
 III. {¶ 14} Appellant's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Batchelder, J. concur.