JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Barbara Moore ("Moore") and Enuresis Treatment Centers of America, Inc. ("ETCA") (collectively "appellants"), appeal the trial court's denial of their motion to reinstate, motion for leave to file reply and nunc pro tune leave to file rejoinder. Appellants further appeal the trial court's failure to conduct a hearing on the motion to reinstate. For the reasons set forth below, we affirm.
 {¶ 2} On July 15, 2005, plaintiffs-appellees Rochelle Morris-Walden ("Morris"), on behalf of Enuresis Treatment Centers of America ("ETCA") (collectively "appellees"), filed a verified complaint against Moore for breach of fiduciary duty, tortious interference with ETCA's contractual relationships and conversion. Moore filed a counterclaim including ETCA as a counter-claimant and demanding dissolution of ETCA based on deadlock, breach of fiduciary duty and conversion.
 {¶ 3} On September 1, 2005, appellants filed a motion for temporary restraining order and preliminary injunction order, which the trial court denied on September 14, 2005.
 {¶ 4} On September 8, 2005, appellants filed a motion for partial judgment on the pleadings. Appellants renewed their motion for partial judgment on the pleadings and filed a motion to appoint a receiver on October 19, 2005. The trial court denied this motion on November 7, 2005.
 {¶ 5} The trial court scheduled a hearing on appellants' motion for preliminary injunction for December 2, 2005. Before the hearing, however, the parties entered into a written settlement agreement. Therefore, in a judgment entry dated December 6, 2005, the trial court dismissed the action with prejudice.
 {¶ 6} In relevant part, the settlement agreement provided that "[Morris] shall pay [Moore] the sum of $10,000 within 10 days from this date subject to Moore signing all documents and releases necessary to give control of drybed.com and dryatlast.com to [Morris]." The settlement agreement was received for filing on December 6, 2005.
 {¶ 7} Ten days passed from when the settlement agreement was filed, and appellants had not received the $10,000 payment. As a result, on January 5, 2006, appellants filed a motion to reinstate pursuant to Civil Rule 60(B) and for sanctions pursuant to R.C. 2323.51. One day later, on January 6, 2006, appellees sent a check for $10,000 to appellants' counsel.
 {¶ 8} On January 11, 2006, appellees filed their response to appellants' motion to reinstate and for sanctions. Seven days later, appellants sought leave to file a reply to appellees' response. A number of motions soon followed, including: plaintiffs' reply to defendants' motion for leave to file reply instanter, defendants' rejoinder to plaintiffs' reply, plaintiffs' motion to strike defendants' rejoinder, defendants' motion for nunc pro tune leave to file rejoinder and brief in opposition to plaintiffs' motion to strike.
 {¶ 9} On March 7, 2006, the trial court denied appellants' motion to reinstate and for sanctions without holding a formal hearing and without ruling on appellants' motions for leave.
 {¶ 10} Appellants now appeal and assert three assignments of error for our review. Appellants' first assignment of error states:
 {¶ 11} "The trial court erred in denying defendants' Civil Rule 60 motion."
 {¶ 12} With regard to the motion to vacate, we note that this court reviews the award or denial of Civ.R. 60(B) motions in accordance with the abuse-of-discretion standard. Associated Estates Corp. v.Fellows (1983), 11 Ohio App.3d 112,117,463 N.E.2d 417; Doddridge v.Fitzpatrick (1978), 53 Ohio St.2d 9, 12, 371 N.E.2d 214. An abuse of discretion implies more than an error of law or judgment; it suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137,566 N.E.2d 1181; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 13} Civ.R. 60(B) provides in relevant part:
 {¶ 14} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment. * * *."
 {¶ 15} "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1 ) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Bee.v. ARC Indus. (1976), 47 Ohio St.2d 146, 150-151,351 N.E.2d 113.
 {¶ 16} In Blasco v. Ms//7c(1982), 69 Ohio St.2d 684, 687, 688,433 N.E.2d 612, the Supreme Court of Ohio identified the purpose of Civ.R. 60 as affording "relief in the interest of justice." The Court has also observed that any doubt should be resolved in favor of the motion to vacate so that cases may be decided on the merits. Moore v. EmmanuelFamily Training Ctr, Inc. (1985), 18 Ohio St.3d 64, 67, 479 N.E.2d 879, fn. 1.
 {¶ 17} Within this assignment of error, appellants maintain they are entitled to relief under Civ.R. 60(B)(3) for "fraud, misrepresentation, or other misconduct of an adverse party." In support of their contention, appellants argue they never would have agreed to the settlement agreement and dismissal of the action had appellees not fraudulently assured appellants they would comply with the terms of the agreement. In maintaining this proposition, appellants merely direct this court to the fact that appellees failed to pay $10,000 within ten days of dismissal per the terms of the settlement agreement, and instead, sent a check to appellants on or near January 6, 2006.[1]
Therefore, appellants assert, the trial court should have vacated the dismissal and reinstated the case.
 {¶ 18} In Haley v. Thompson, Summit App. No. 22318, 2005-Ohio-1272, the court was presented with a nearly identical situation to the one currently before us. In that case, Haley and Thompson entered into a settlement agreement and the case was dismissed with prejudice. Id. Subsequently, Thompson failed to fulfill his obligations under the agreement. Id. Consequently, Haley filed a motion to vacate the judgment of the trial court. Id. Haley alleged that Thompson had committed a fraud upon the court and fraudulently induced Haley into settlement because at the time the parties entered into the agreement, Thompson had no intention of honoring it. Id. The trial court denied Haley's motion and Haley timely appealed.
 {¶ 19} The appellate court, quoting Cogswell v. Cardio Clinic of StarkCty., Inc. (1991), Stark App. No. CA-8553, stated "Civ.R. 60(B) was not intended as a mechanism by which parties may redress noncompliance with a prior agreement of judgment." The court further quoted the following excerpt from Cogswell:
 {¶ 20} "Appellee urges that when the court learns that a settlement agreement, approved by the court, and calling for future performance is breached, such court has the right to vacate the judgment and set aside the settlement agreement. We find no such authority in the law, and conclude, to the contrary, that such a proposition would emasculate the underlying principle of giving final judgments of courts of law binding integrity."
 {¶ 21} Haley, supra, quoting Cogswell, supra.
 {¶ 22} Keeping in mind the principles prescribed in Cogswell, supra, the court upheld the trial court's denial of Haley's motion to vacate.Haley, supra. The court noted that Haley did not proffer any evidence of Thompson's alleged fraudulent intent. Id. Instead, Haley simply showed that Thompson failed to comply with the settlement agreement. Id. The court held that this evidence was insufficient to justify vacation of the court's dismissal. Id.
 {¶ 23} As did the court in Haley, we too find that appellants in this case have failed to present any evidence that appellees committed a fraud on the court or fraudulently induced appellants to enter into the settlement agreement. Instead, appellants have only alleged that appellees were late in paying appellants the $10,000 agreed to in the settlement. As the court in Haley found, this is insufficient to warrant the vacation of the court's order dismissing the case. Allegations that a party did not honor a settlement agreement "may be the subject of an independent action for breach of the settlement contract but not for relief from the settlement itself." Swank v. Ranshaw (Sept. 30,1986), Richland App. No. CA-2392; see, also, Haley, supra; Cosgrove, supra. Accordingly, appellants' first assignment of error is without merit.
 {¶ 24} Appellants' second assignment of error states:
 {¶ 25} "The trial court erred in not granting defendants' motion for leave to file reply and motion for nunc pro tune leave to file rejoinder."
 {¶ 26} In their second assignment of error, appellants argue the trial court erred in failing to rule on appellants' leave to file a reply to appellees' response to appellants' motion to reinstate and for sanctions and rejoinder. We note that pending motions not ruled upon prior to the entry of judgment are presumed to be overruled. Solon v. Solon BaptistTemple, Inc. (1982), 8 Ohio App.3d 347,351-352,457 N.E.2d 858.
 {¶ 27} Having determined that the motions were denied, we now address appellants' argument that the trial court abused its discretion in denying their motion for leave to file reply and their motion for nunc pro tune leave to file rejoinder. The Ohio Civil Rules do not provide for a reply brief or rejoinder in this situation. The Cuyahoga County Court of Common Pleas, Local Rule 11(D) provides that "[r]eply or additional briefs upon motions and submissions may be filed with leave of the Court only upon a showing of good cause." Therefore, it was within the trial court's discretion whether to grant appellants' leave to file a reply brief or a rejoinder.
 {¶ 28} In the instant matter, we find that the trial court did not abuse its discretion by denying appellants' motions for leave. As previously stated, an abuse of discretion implies more than an error of law or judgment; it suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re Jane Doe 1
(1991), 57 Ohio St.3d 135,137,566 N.E.2d 1181; Blakemore v.Blakemore (1983), 5 0hioSt.3d 217, 219, 450 N.E.2d 1140. Since the original motion to vacate was not well taken and the proffer of additional evidence would not be outcome determinative, the trial court did not abuse its discretion in denying the additional motions. Appellants' second assignment of error is without merit.
 {¶ 29} Appellants' third assignment of error states:
 {¶ 30} "The trial court erred in failing to conducting [sic] a hearing on a defendants' Civil Rule 60 motion before denying the motion."
 {¶ 31} A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to a hearing on the motion. Reed v.The Basement, Cuyahoga App. No. 82022, 2003-Ohio-4565; Pisani v.Pisani (Sept. 19, 1996), Cuyahoga App. No. 70018. To be entitled to a hearing on a motion for relief from judgment, the "the movant must do more than make bare allegations that he is entitled to relief." Kay v.Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, 1996-Ohio-430,665 N.E.2d 1102. "Where the movant's motion and accompanying materials fail to provide the operative facts to support relief under Civ.R. 60(B), the trial court may refuse to grant a hearing and summarily dismiss the motion for relief from judgment * * *." Bates Springer, Inc. v.Stallworth (1978), 56 Ohio App.2d 223, 228, 382 N.E.2d 1179; see, also,Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 14, 371 N.E.2d 214
(trial court does not abuse its discretion by failing to conduct an evidentiary hearing on a Civ.R. 60(B) motion when the court has sufficient evidence before it to decide whether a meritorious defense was presented).
 {¶ 32} As previously decided in appellants' first assignment of error, appellants have failed to allege operative facts that would warrant relief under Civ.R. 60(B). Appellants merely alleged that appellees failed to comply with the settlement agreement, which is insufficient to justify vacating the court's prior entry. Accordingly, appellants' third assignment of error is without merit.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and KENNETH A. ROCCO, J., CONCUR
[1] Appellants also seek to present evidence that during settlement negotiations, appellees requested that they be able to pay the $10,000 within 30 days as opposed to 10 days, which request appellants specifically denied. We decline to consider such evidence as we are only authorized to consider evidence that is part of the record. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384
(appellant bears burden of showing error by referring to matters within the record).