JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Bertha Louden ("Bertha"), appeals the trial court's granting of summary judgment in favor of defendant-appellee, Cleveland Electric Illuminating Company ("CEI"). Finding no merit to the appeal, we affirm.
 {¶ 2} Roger Louden ("Roger"), Bertha's late husband, was employed at a CEI power plant in Ashtabula from 1977 to 2000 as a "plant helper" and a "maintenance man." As a plant helper, he swept up the asbestos insulation that had fallen from pipes and boilers and assisted with boiler "blow-outs," which filled the air with asbestos dust. As a maintenance man, he also assisted with the clean-up of boiler "blow-outs" and worked with machinery and parts containing asbestos. Roger was diagnosed with mesothelioma in March 2006.
 {¶ 3} In April 2006, Roger and Bertha filed a lawsuit against multiple defendants, including CEI, alleging injuries from asbestos exposure.[1] The Loudens asserted an employer intentional tort claim against CEI, alleging that CEI knowingly exposed Roger to levels of asbestos dust that were substantially certain to cause him harm.[2] In November 2006, CEI moved for summary judgment. Bertha opposed CEI's motion for summary judgment, and when CEI filed its reply brief, she also *Page 3 
responded. The trial court heard oral arguments in June 2007 and granted summary judgment in favor of CEI.[3]
 {¶ 4} Bertha now appeals, raising one assignment of error, in which she argues that the trial court erred in granting CEI summary judgment. Bertha contends that a genuine issue of material fact exists as to whether CEI intended to cause harm to Roger. Specifically, Bertha argues that CEI knew with substantial certainty that harm would result from exposure to asbestos.
 Standard of Review {¶ 5} Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241;Zemcik v. LaPine Truck Sales Equipment (1998), 124 Ohio App.3d 581,585, 706 N.E.2d 860. The Ohio Supreme Court stated the appropriate test in Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370,696 N.E.2d 201, as follows:
 {¶ 6} "Pursuant to Civ. R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. *Page 4 
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."
 {¶ 7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E); Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359, 604 N.E.2d 138.
 Employer Intentional Tort {¶ 8} Although Ohio's workers' compensation system provides employees with the primary means of compensation for job related injuries, an employee may institute a tort action against the employer when the employer's conduct constitutes an intentional tort.[4] Sanek v.Duracote Corp. (1989), 43 Ohio St.3d 169, 172, 539 N.E.2d 1114;Blankenship v. Cincinnati Milacron Chemicals (1982), 69 Ohio St.2d 608,613, 433 N.E.2d 572. An intentional tort in this context means that the employer committed some act by which the employer intentionally and deliberately *Page 5 
injured the employee. Vermett v. Fred Christen Sons Co. (2000),138 Ohio App.3d 586, 599, 741 N.E.2d 954.
 {¶ 9} In Fyffe v. Jeno's, Inc. (1991) 59 Ohio St.3d 115,570 N.E.2d 1108, paragraph one of the syllabus, the Ohio Supreme Court set forth the following three-part test to establish an employer intentional tort claim.[5] The Court held that the employee must establish that: "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.* * *" Id.
 {¶ 10} In order to sustain an employer intentional tort claim, Bertha must satisfy all three parts of the Fyffe test. Estate of MichaelMerrell v. Weingold Company, Cuyahoga App. No. 88508, 2007-Ohio-3070;Timmons v. Marketing Services by Vectra, Inc. (Nov. 18, 1999), Franklin App. No. 99AP-272.
 CEI's Knowledge of Danger in the Workplace *Page 6 {¶ 11} In order to satisfy the first factor of the Fyffe test, Bertha must establish that CEI possessed the knowledge of the existence of a dangerous process, procedure, instrumentality, or condition within its business operation.[6]
 {¶ 12} However, the mere existence of a dangerous condition alone is not sufficient to satisfy the first prong. Nor is knowledge of the mere possibility of a dangerous condition sufficient. "The employee bears the burden of proving by a preponderance of the evidence that the employer had actual knowledge of the exact dangers which ultimately caused the injury." Reed v. BFI Waste Systems (Oct. 23, 1995), Warren App. No. CA95-06-062, citing Sanek.
 {¶ 13} In the instant case, the evidence demonstrates that CEI knew that asbestos exposure was harmful to its employees. Deposition testimony of the former plant managers, Alexander Kennedy ("Kennedy") and Joseph Vendel, and former General Supervisor of Operations, Robert Benson, revealed that asbestos was present at the plant and they were aware of the dangers of asbestos exposure in the 1970's and 1980's. They understood that breathing asbestos dust could cause health problems. Accordingly, we find that Bertha met her burden of demonstrating a genuine issue of material fact with regard to the first prong of theFyffe test. *Page 7 
 Substantial Certainty of Harm {¶ 14} The second prong of the Fyffe test requires that Bertha must establish that CEI possessed actual knowledge that if an employee is subjected by his employment to such a dangerous process or procedure, then harm to the employee would be substantially certain to occur.[7]
See New Hampshire Insurance Group v. Frost (1995), 110 Ohio App.3d 514,517, 674 N.E.2d 1189.
 {¶ 15} The Fyffe Court elaborated on what constitutes an intentional tort, declaring that:
 "To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk-something short of substantial certainty-is not intent."
 {¶ 16} The Ohio Supreme Court has "defined the breadth of employer intentional torts very narrowly out of a concern `that an expansive interpretation could thwart the legislative bargain underlying workers' compensation by eroding the exclusivity of both the liability and the recovery provided by workers' *Page 8 
compensation.'" Id., quoting Kincer v. American Brick Block, Inc.
(Jan. 24, 1997), Montgomery App. No. 16073. Thus, this standard has been described as "harsh." Goodwin v. Karlshamns USA, Inc. (1993),85 Ohio App.3d 240, 247, 619 N.E.2d 508.
 {¶ 17} Bertha alleges that CEI management knew that employees working in the midst of asbestos dust and fumes without protective equipment were substantially certain to be injured or killed. As part of her response to CEI's motion for summary judgment, Bertha submitted copies of newspaper articles, safety reports, and union and OSHA complaints.[8] Our review of these exhibits indicates that asbestos was present at the plant and there were some OSHA violations for respirator use and instruction.
 {¶ 18} We find, however, that Bertha failed to establish that CEI's conduct was more than negligence or recklessness. Bertha failed to demonstrate that CEI had knowledge that the asbestos levels in the plant were substantially certain to cause Roger's injuries because she failed to demonstrate that CEI subjected Roger to dangerous asbestos levels without providing protective measures. *Page 9 
 {¶ 19} There is no dispute that CEI provided Roger with safety equipment, including respirators or dust masks. Roger testified at his deposition that he always carried a dust mask in his helmet. Furthermore, there is no evidence that CEI refused to permit Roger to wear breathing protection when working around asbestos. CEI's steam power division safety manual states that "respirators shall be worn by personnel working in dusty areas." It also states that "when removing insulation containing asbestos, each employee shall wear an approved respirator."[9] More importantly, when asked about the use of respirators, Roger admitted in his deposition testimony that he never wore one. Thus, the record lacks specific facts to demonstrate that CEI required Roger to act in such a manner that injury was substantially certain to occur.
 {¶ 20} Bertha's allegations, when construed most strongly in her favor, may raise genuine issues of whether CEI acted negligently or recklessly, but the evidence does not manifest the specific facts necessary to create a genuine issue whether CEI committed an intentional tort. Thus, we conclude that Bertha did not meet her burden of demonstrating a genuine issue of material fact with regard to the second prong of the Fyffe test. *Page 10 
 {¶ 21} Having found that Bertha failed to meet the second prong of theFyffe test, we do not need to analyze whether she established the third prong because this argument is moot.
 {¶ 22} Accordingly, we conclude that Bertha did not satisfy her burden of establishing that genuine issues of material fact exist. Thus, we find that the trial court correctly granted summary judgment in favor of CEI.
 {¶ 23} Therefore, the sole assignment of error is overruled.
[1] The other defendants are not parties to the instant appeal.
[2] Roger died in late 2006 at age 61.
[3] Because of the numerous defendants in this lawsuit, the trial court noted in its journal entry granting CEI summary judgment that there was "no just reason for delay pursuant to Civ. R. 54(B)."
[4] Bertha filed a death benefit claim with the Ohio Bureau of Workers' Compensation while this lawsuit was pending.
[5] Although R.C. 2745.01 governs employer intentional torts, prior versions of the statute were considered to be unconstitutional and were later repealed. The current version of the statute is effective only after April 4, 2005. Claims accruing prior to that date are governed by the standards of common law.
[6] A dangerous condition, as defined in the employer intentional tort doctrine, must be something beyond the natural hazard of employment.Youngbird v. Whirlpool Corp. (1994), 99 Ohio App.3d 740, 747,651 N.E.2d 1314, 1318-1319.
[7] "A court can infer intent if the employer knows that the dangerous procedure or condition is substantially certain to cause harm to the employee." Moore v. Ohio Valley Coal Company, Belmont App. No. 05 BE 3,2007-Ohio-1123.
[8] We note that the attached exhibits were not accompanied by an affidavit that established the copies' authenticity as required by Civ. R. 56(C). Accordingly, the copies did not qualify as evidentiary materials under Civ. R. 56(C). See Biskupich v. Westbay Manor NursingHome (1986), 33 Ohio App.3d 220, 515 N.E.2d 632. However, since the record does not show that CEI ever objected to the copies, the trial court could consider the copies in rendering its decision, because there was essentially a waiver of any objection to their use in the summary judgment motion. Rodger v. McDonald's Restaurants of Ohio, Inc. (1982),8 Ohio App.3d 256, 456 N.E.2d 1262.
[9] Roger acknowledged that he received a copy of the safety manual in 1977.
Judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS; FRANK D. CELEBREZZE, JR., J., DISSENTS. (SEE ATTACHED DISSENTING OPINION.)