JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Daniel Berghoff, Administrator of the Estate of Ronald Clark, appeals from the judgment of the common pleas court granting the motion for summary judgment of defendant-appellee, Davey Tree Expert Co., Inc. Finding no merit to the appeal, we affirm.
 {¶ 2} The decedent, Ronald Clark ("Clark"), was employed by Davey Tree. On October 11, 2004, he was riding in one of Davey Tree's trucks with Miguel McGhee ("McGhee") and their foreman, Bryan Young ("Young"). Clark had been employed by Davey Tree only since May 2004. Young was driving a 33,000 pound truck with an aerial lift and bucket and equipped with an antilock air braking system, commonly known as a bucket truck. He was driving northbound on I-71 in excess of 60 m.p.h. when he lost control of the truck, possibly due to another car coming into his lane. The truck swerved and Young pressed lightly on the brakes but was unable to regain control of the truck. The truck became unbalanced, careened toward the highway median, and the boom on the truck bed opened up and knocked down several light poles. The truck landed on the driver's side. Young and McGhee sustained minor injuries but Clark, who hit his head on the windshield, suffered fatal injuries. None of the men were wearing seatbelts, a violation of Davey Tree's safety training. *Page 4 
 {¶ 3} At the time of the accident, Young had worked for Davey Tree for four years, but had only recently obtained his "Class B" CDL (commercial drivers license) and had been driving bucket trucks for five months. He testified that he applied light pressure to the brakes because he did not want them to lock-up on him.
 {¶ 4} McGhee testified at deposition that he had been working at Davey Tree for a couple of days when he asked a supervisor if he could work with someone other than Young, in part because Young drove in an aggressive manner and played the music too loud. McGhee claims the supervisor told him that if he wanted to work for Davey Tree, he would have to work with Young.
 {¶ 5} Appellant's expert, Michael Napier, opined that Davey Tree failed to provide necessary training and testing to ensure that Young was competent to drive the bucket truck. He also testified at deposition that Young was not qualified to drive the bucket truck because he obviously did not understand the operation of antilock brakes. According to Napier, if Young had been properly trained, the accident would have been prevented.
 {¶ 6} Appellant filed suit against Young, Davey Tree, and various other defendants asserting employer intentional tort, product liability and negligence claims. Appellant eventually dismissed his claims against all defendants except for Davey Tree. Davey Tree moved for summary judgment, which appellant opposed. Appellant moved for leave to file a surreply brief, which the trial court denied. The *Page 5 
trial court granted Davey Tree's motion for summary judgment, from which Berghoff now appeals.
 {¶ 7} Appellant raises two assignments of error for our review. In his first assignment of error, he argues that the trial court erred in granting Davey Tree's motion for summary judgment on the employer intentional tort claim.
 {¶ 8} Civ. R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,369-370, 1998-Ohio-389, 696 N.E.2d 201; Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. We review the trial court's judgment de novo, using the same standard as the trial court under Civ. R. 56(C). Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
 {¶ 9} Although Ohio's workers' compensation scheme provides employees with the primary means of compensation for injury suffered in the scope of employment, an employee may institute a tort action against the employer when the employer's conduct is sufficiently egregious to constitute an intentional tort. Sanek v. Duracote Corp. (1989),43 Ohio St.3d 169, 172, 539 N.E.2d 1114. When an employer's conduct constitutes an intentional tort, the employer's act occurs outside *Page 6 
the scope of employment and, thus, the employee's recovery is not limited to the workers' compensation provisions. Blankenship v.Cincinnati Milacron Chems. (1982), 69 Ohio St.2d 608, 613, fn. 7,433 N.E.2d 572.
 {¶ 10} In Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115,570 N.E.2d 1108, the Ohio Supreme Court set forth a three-part test for proving an employer intentional tort.[1] "In order to prove an employer intentional tort, the plaintiff must show that the employer knew of the danger present in the workplace, knew that exposure to the danger meant that harm to an employee was a `substantial certainty,' and acted to require the employee to continue to perform the task despite the danger and substantial certainty of harm." Costin v. Consol. Ceramic Products,Inc., 151 Ohio App.3d 506, 2003-Ohio-437, ¶ 11, 784 N.E.2d 759, quotingFyffe at paragraph one of the syllabus. *Page 7 
 Employer Knowledge — First Prong of Fyffe Test {¶ 11} Neither the mere existence of a dangerous condition nor the knowledge of the possibility of a dangerous condition is sufficient to satisfy the first prong. Chokan v. Ford Motor Co., Cuyahoga App. No. 87082, 2006-Ohio-5564. "The plaintiff has the burden of proving by a preponderance of the evidence that the employer had `actual knowledge of the exact dangers which ultimately caused' injury." Sanek v. DuracoteCorp. (1989), 43 Ohio St.3d 169, 172, 539 N.E.2d 1114; see also,Youngbird v. Whirlpool Corp. (1994), 99 Ohio App.3d 740, 746,651 N.E.2d 1314; Conway v. Euclid Chem. Co., Cuyahoga App. No. 85384,2005-Ohio-3843, ¶ 29, discretionary appeal denied, 107 Ohio St.3d 1698,2005-Ohio-6763, 840 N.E.2d 204. An employee's claim that an employer should have known about a danger is insufficient. See Chokan.
 {¶ 12} Appellant argues that Davey Tree had actual knowledge that Young was an aggressive driver because McGhee had recently told a supervisor that he did not want to ride with Young due to his aggressive driving. We find, however, that McGhee's deposition testimony does not establish that Davey Tree had actual knowledge that Young was a dangerous driver. McGhee testified at deposition:
 {¶ 13} "It was that Saturday [before the accident] when I talked to my supervisor [and told him] I really can't work with Bryan, I don't like the way he treats me and talks to me. I talk to you like you talk to me, and my supervisor was like if you want to work, you got to work with him. I'm like, you know, he's an aggressive *Page 8 
driver *** [H]e has the music up sky high *** So I needed a job. So I just went on to the job with him."
 {¶ 14} When McGhee told his supervisor that he did not want to ride with Young, he did so along with a litany of complaints about Young. He did not explain how Young was aggressive nor tell anyone that Young's driving was dangerous. Appellant argues that it is enough that McGhee told his supervisor that Young's driving was aggressive and that reasonable minds could conclude that Young's driving was "reckless and dangerous." We disagree. Simply telling a supervisor that his driving was aggressive, without more, does not rise to the level of actual knowledge of a dangerous condition.
 {¶ 15} Moreover, it is required that the alleged dangerous condition complained of, in this case aggressive driving, must have caused the accident at issue. See Posen v. Sitecon L.L.C., Cuyahoga App. No. 86239,2006-Ohio-3167. In other words, the plaintiff must also demonstrate that the employer's conduct was the proximate cause of his injuries. Id. In the instant case, however, appellant has been unable to show that Young's aggressive driving caused the accident.
 {¶ 16} Appellant argues that Davey Tree created the dangerous condition that caused the accident because the company allowed Young to operate the bucket truck without proper training. Davey Tree argues that Young was properly licensed and received adequate training. Even assuming that Davey Tree did not provide enough training to Young, we cannot conclude that this means that the company had *Page 9 
actual knowledge of a dangerous condition. We do not find that Young's admission at deposition that he applied light pressure to the brakes is conclusive evidence that he was not properly trained, especially in light of his having a CDL. Appellant has been unable to show that Davey Tree knew that Young was not adequately trained to drive the truck.
 {¶ 17} Thus, appellant's failure to prove this prong is two-fold. He is unable to prove by a preponderance of the evidence that the Davey Tree had actual knowledge of an exact danger and he is unable to prove that the exact danger ultimately caused Clark's death.
 Substantial Certainty — Second Prong of Fyffe Test {¶ 18} Appellant also cannot satisfy the second prong of theFyffe test, that is that Davey Tree had knowledge that harm to Clark was substantially certain to occur. "A court can infer intent if the employer knows that the dangerous procedure or condition is substantially certain to cause harm to the employee." Moore v. OhioValley Coal Co., Belmont App. No. 05BE3, 2007-Ohio-1123.
 {¶ 19} The Fyffe Court elaborated on what constitutes an intentional tort, declaring that:
 {¶ 20} "To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular *Page 10 
consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent." Id. at paragraph two of the syllabus.
 {¶ 21} Ohio has "defined the breadth of employer intentional torts very narrowly out of a concern that an expansive interpretation could thwart the legislative bargain underlying workers' compensation by eroding the exclusivity of both the liability and the recovery provided by workers' compensation." Kincer v. American Brick Block, Inc. (Jan. 24, 1997), Montgomery App. No. 16073. Knowledge of a "significant risk" is insufficient. See Goodwin v. Karlshamns USA, Inc. (1993),85 Ohio App.3d 240, 246, 619 N.E.2d 508.
 {¶ 22} Appellant argues that Davey Tree had knowledge that harm to its employees was substantially certain to occur due to Young's lack of training and aggressive driving. To support his argument appellant cites to Napier's expert opinion, in which Napier states that Young represented a known dangerous condition and that his continued driving of the bucket truck was substantially certain to lead to injury or death. However, as discussed under the first prong of Fyffe, there is insufficient evidence to show that Young "represented a known dangerous *Page 11 
condition." Davey Tree had received no complaints about Young's driving, other than McGhee's litany of complaints to a supervisor, and Young had received only one driving infraction while employed with Davey Tree, and that was while he was in his own car and not on the job.
 {¶ 23} Further, Davey Tree had an extensive safety program and Young had attended numerous safety meetings. Davey Tree required Young to take a road test, undergo equipment training, take driving courses and tests, obtain proper licensure, and perform weekly and daily pre-trip inspections. Davey Tree also provided Young with numerous written materials regarding safety and even employed a full-time safety person and had a safety department that developed driver training programs. Its safety policy also required the use of seat belts by employees.
 {¶ 24} We find that there is no factual basis that can lead us to conclude that Davey Tree knew with substantial certainty that Clark would sustain injuries as a result of riding in the bucket truck with Young. Appellant's expert, Napier, did opine that "continued driving of the bucket truck was substantially certain to lead to injury or death." However, merely finding an expert that can state the "magic words" is insufficient as a factually baseless expert conclusion is not sufficient to overcome summary judgment. See Chokan, supra. Nothing in the record provides an evidentiary basis for appellant's conclusion that Davey Tree was aware of any risk. Napier admitted that he was only a safety expert and had no opinion on whether *Page 12 
Young's driving caused the accident. Thus, we agree with Davey Tree that Napier's opinion "exists in a vacuum" because he could not opine that the accident was caused by Young's inadequate training or aggressive driving. Simply put, the record does not provide the necessary evidence to support appellant's conclusions as to what Davey Tree knew and is further unable to demonstrate prior knowledge that the accident was substantially certain to occur.
 "Required" to Perform the Dangerous Task {¶ 25} The third and final element of appellant's employer intentional tort claim requires a showing that the employer, with knowledge of the substantial certainty of injury, required the employee to continue to perform the dangerous task. Hannah v. Dayton Power Light Co.,82 Ohio St.3d 482, 484, 1998-Ohio-408, 696 N.E.2d 1044. Having found that appellant failed to meet the first two prongs of the Fyffe test, we need not reach the third prong because this argument is moot. See Louden v. AW. Chesterton Co., Cuyahoga App. No. 90183, 2008-Ohio-3363.
 {¶ 26} Therefore, the first assignment of error is overruled.
 {¶ 27} In the second assignment of error, appellant argues that the trial court erred in denying his motion for leave to file a surreply brief. In his surreply brief, appellant argued that Davey Tree had mischaracterized McGhee's testimony.
 {¶ 28} It is well-settled that a trial judge possesses inherent power to regulate court proceedings. State ex rel. Butler v. Demis (1981),66 Ohio St.2d 123, 128-129, 420 N.E.2d 116. "A ruling or order by the court affecting the conduct of trial will not *Page 13 
be reversed unless the complaining party demonstrates a prejudicial abuse of discretion." Holm v. Smilowitz (1992), 83 Ohio App.3d 757,771-772, 615 N.E.2d 1047.
 {¶ 29} The civil rules of procedure provide no provisions for filing a surreply to a motion for summary judgment. See First Fin. Servs. v.Cross Tabernacle Deliverance Church, Inc., Franklin App. No. 06AP-404,2007-Ohio-4274. Accordingly, it was within the discretion of the trial court whether to grant appellant's motion for leave to file a surreply.Morris-Walden v. Moore, Cuyahoga App. No. 87989, 2007-Ohio-262. Here, appellant has failed to demonstrate that the trial court abused its discretion in denying him leave.
 {¶ 30} Therefore, the second assignment of error is overruled.
 {¶ 31} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 14 
SEAN C. GALLAGHER, J., and MARY J. BOYLE, J., CONCUR.
[1] Effective April 7, 2005, the Ohio legislature enacted R.C. 2745.01, governing an employer's liability for intentional tort. R.C. 2745.01 now provides that in an action for intentional tort, an employee must prove that "the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur." R.C. 2745.01(B) defines "substantial certainty" to mean "that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death." Because the accident in the instant case occurred prior to the enactment of the statute, this case is governed by the standard set forth inFyffe. *Page 1