[Cite as *White v. Dollar Tree Inc.*, 2024-Ohio-4511.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| SHARON L. WHITE | : | |
| | : | |
| Appellant | : | C.A. No. 30140 |
| | : | |
| v. | : | Trial Court Case No. 2022 CV 02514 |
| | : | |
| DOLLAR TREE INC, ET AL. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 13, 2024

. . . . . . . . . . .

SHARON L. WHITE, Pro Se Appellant

CHRISTOPHER C. COTTER & ROBERT W. SCHRIMPF, Attorneys for Appellees

. . . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Plaintiff-Appellant Sharon L. White appeals from a judgment of the Montgomery County Court of Common Pleas which granted the motion for summary judgment and motion to dismiss of Defendant-Appellee Family Dollar Stores of Ohio, LLC.

For the reasons that follow, the judgment of the trial court will be affirmed.

## I. Facts and Procedural History

{¶ 2} According to her deposition, on the afternoon of February 2, 2022, White, an African-American woman, went to the Family Dollar store on Gettysburg Avenue in Dayton to get supplies in anticipation of a snowstorm. As she was searching for dishwashing liquid in one of the aisles, she noticed a white female (whom she believed was the store manager) following her and acting suspicious. White believed the employee suspected that she was shoplifting. She also believed the suspicion was racially motivated because the employee "looked at [her] with pure hate in her eyes." White Depo. at 30, 76, 78. Before long, a second employee, a black male, began following her.

{¶ 3} White became uncomfortable and walked to the exit. As she began to walk out the door, someone screamed, "Stop, Stop, Stop." According to her deposition testimony, White heard the manager accuse her of putting something in her purse. The other employee then approached, and White opened the purse to show that she did not have any merchandise. She reported being embarrassed as there were at least two other customers in the store who saw the interaction.

{¶ 4} In addition to being embarrassed, White testified that she was scared. "I was so petrified . . . I thought a customer was going to shoot and kill me or I thought one of the Family Dollar employees was going to shoot and kill me. I was scared . . . my heart was racing." *Id.* at 29. She later stated: "I thought I was going to die, I swear to God. My heart was racing so fast . . . it felt like my heart was going to come out of my skin, my body." *Id.* at 48.

{¶ 5} After the incident, White stopped at another Family Dollar location and then went home and called the corporate office.

{¶ 6} On June 6, 2022, White filed her initial pro se complaint against Family Dollar, a Jane Doe employee, and Michael Witynski, the CEO of Dollar Tree, Inc. (Dollar Tree is a company related to Family Dollar, though the record is unclear as to what that relationship is.)   White alleged that she had been wrongfully accused of shoplifting and that an employee had engaged in defamatory acts. Family Dollar and Witynski filed a motion to dismiss, claiming that White's complaint failed to state a claim for negligent infliction of emotional distress, intentional infliction of emotional distress, slander, declaratory judgment, or respondeat superior. It also averred that White had failed to include allegations sufficient to establish personal jurisdiction over Witynski.

{¶ 7} In response, White alleged that "Defendants [are] neglecting and trying to get out of their responsibilities and [are] covering up a crime. Defendants [are] failing to acknowledge that this crime happen [sic] to the Plaintiff." She then demanded judgment in the amount of $159,000,000.

{¶ 8} The trial court dismissed White's complaint, finding that she had failed to establish personal jurisdiction over the CEO of Dollar Tree and, generally, had failed to set forth facts that could support a valid claim for relief. She appealed, and we held that although White had failed to state a viable claim for relief against Witynski, the complaint was sufficient to withstand the motion to dismiss as to the Family Dollar employee and the company itself, given the low bar for notice pleading. *White v. Family Dollar*, 2023-Ohio-329, ¶ 14-15 (2d Dist.) (*White I*).

{¶ 9} Upon remand, White filed *numerous* motions, many of which had titles that did not relate to their content. Of note, though, she filed an amended complaint that added two defendants – Dollar Tree, Inc., and Maureen Purcell in place of Jane Doe. White filed a motion for summary judgment on March 2, 2023 (though she did not attach any exhibits, affidavits or other evidence). She filed a second motion for summary judgment on October 10, 2023, and this time attached a typed letter dated February 3, 2023, written by a Mauritia Kamer to the Ohio Civil Rights Commission (although there were no affidavits attached to the White's motion incorporating the letter). Family Dollar then filed its own motion for summary judgment on February 8, 2024. That same day, Dollar Tree filed a motion to dismiss, as it believed it had never been properly joined or served as a party and because any claims against it for defamation or false imprisonment were barred by the statute of limitations. Appellee's Brief at 1, fn 2.

{¶ 10} The trial court denied White's motion for summary judgment but granted Family Dollar's, reasoning that there was no evidence of a defamatory statement, the publication of the statement, or that an employee of Family Dollar made the statement. It further found that there was no proof of any damages to White. The court then granted Dollar Tree's motion to dismiss because the statute of limitations had passed before White tried to amend her complaint to include Dollar Tree.

{¶ 11} White has filed a pro se appeal that raises six assignments of error.

**II.     Arguments**

First Assignment of Error

{¶ 12} In her first assignment of error, White appears to argue that the trial court's

August 4, 2022 dismissal of her case was improper because, on the same day, it also set submission dates for her motion for summary judgment.

{¶ 13} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9; *State v. Smith*, 2019-Ohio-3592, ¶ 8 (2d Dist.). Under the mootness doctrine, American courts will not decide cases where an actual legal controversy no longer exists between the parties. *Id.*, citing *In re A.G.*, 2014-Ohio-2597, ¶ 37. "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 55.

{¶ 14} This argument appears to be moot because, in *White I,* this court reversed the dismissal of which White complains and remanded the case for further consideration. Because there is no legal controversy here, and because she has not explained how she was harmed by the scheduling order, White's first assignment of error is overruled.

<u>Second Assignment of Error</u>

{¶ 15} White's second assignment of error appears to deal with discovery issues. She alleges that the trial court was "unfair and was bias[ed] in not hold[ing] Defendants accountable for not responding to Plaintiff['s] Memorandum request for interrogatories answers." [sic.] She asserts that Family Dollar's tardy response should have resulted in the court's granting the motion as filed.

{¶ 16} On February 21, 2023, White filed a "Request for Production of Documents," pursuant to Civ.R. 34. The clerk, however, labeled the discovery request document as a

memorandum, which evidently prompted the trial court to set a briefing schedule. It set the due date for Family Dollar's "memorandum contra" as March 7, 2023. Family Dollar responded to the discovery request on April 28, 2023, outside of the briefing schedule set by the trial court. Dollar General argues, though, that it did not initially respond because "[White] did not provide a copy of the discovery request in editable format" as required by Civ.R. 33(A).

{¶ 17} Although Family Dollar filed its discovery responses after the court-ordered deadline for briefing, we cannot say that the trial court erred by not "hold[ing] Defendants accountable." A trial court has inherent power to manage and administer its own docket and to "ensure the orderly and expeditious disposition of cases." *N. Elec. Inc. v. Amsdell Constr. Inc.*, 2013-Ohio-5443, ¶ 9 (8th Dist.); *Pembaur v. Leis*, 1 Ohio St.3d 89, 91 (1982). That includes the power to dismiss cases as a sanction for disregarding court orders or failing to prosecute. *Id.*, citing Civ.R. 41(B)(1). In this case, the fact that the trial court even set a briefing schedule seems to have been because the clerk of courts mislabeled White's request for discovery as a motion. It also appears that White's request for discovery was not in the proper editable format as required by Civ.R. 33(A); in fact, the record does not appear to indicate that White ever complied with the Rule as to that requirement.

{¶ 18} Because the clerk of courts mislabeled the document and because White herself did not properly comply with the Civil Rules, we cannot say that the trial court abused its discretion by not "holding Family Dollar accountable" for missing the deadline. Further, it is unclear from her brief what repercussions White wishes would have been

imposed on Family Dollar. She states that "failure to file a memorandum Contra is cause for the court to grant the motion as filed," but her February 21 filing did not ask for anything other than discovery. The second assignment of error is overruled.

Third Assignment of Error

{¶ 19} In her third assignment of error, White makes three claims. First, she argues that Family Dollar's response to her motion for summary judgment was untimely filed. According to the record, White filed her motion for summary judgment on March 2, 2023. The trial court then ordered that Family Dollar respond by March 30. However, before that due date, the court set a pretrial conference for May 26 and stayed the pending motions until then. Thus, Family Dollar's response was no longer due on March 30. After the scheduling conference, the trial court reset the due dates and ordered responses to all pending motions by June 9. The record confirms that Family Dollar filed its motion in opposition to White's motion for summary judgment on that date.

{¶ 20} "It is well-settled that the trial court has wide discretion in controlling its docket, including the decision to grant or deny a continuance. On appeal, the trial court's decision will not be reversed absent a finding of abuse of discretion." *Stevens v. Cox*, 2009-Ohio-391, ¶ 38 (6th Dist.). Family Dollar's response was filed in a timely manner, and the trial court did not abuse its discretion by accepting it on that date.

{¶ 21} Next, White contends that Family Dollar's own motion for summary judgment was not timely filed. After remand, the trial court set October 30, 2023, as the summary judgment deadline. On that date, Family Dollar moved for an extension of the date because there were outstanding motions from White to amend her complaint. Two

days later, Family Dollar's motion was granted, but a new deadline was not set by the court. Finally, on January 24, 2024, the court ordered that any cross-motion for summary judgment from Family Dollar be filed by February 9. It further noted that White's motion for summary judgment would be held in abeyance until Family Dollar filed its motion.

{¶ 22} Family Dollar filed its motion for summary judgment on February 8, within the timeframe mandated by the court. White's claim that Family Dollar's motion was untimely is without merit.

{¶ 23} In her third and final prong of this assignment of error, White avers that the trial court should have granted her motion for summary judgment because Family Dollar did not respond in a timely manner. We have already concluded that the response was timely, and thus this argument must fail. White's third assignment of error is overruled.

Fourth Assignment of Error

{¶ 24} Here, White claims that the trial court erred when it did not hold Family Dollar "accountable" for not responding to her motion for sanctions in a timely manner (although White did not actually request sanctions).

{¶ 25} This appears to be another instance in which the clerk of courts mislabeled a filing. On October 17, 2023, White filed duplicate motions requesting that a hard drive be delivered to an expert "to retrieve and investigate Family Dollar surveillance camera footage." Inexplicably, one of the motions was accurately listed by the clerk as "Motion: Plaintiff motion for retrieval of defendant's computer hard drive filed by Sharon L White," while the other was titled "Motion: Sanctions. Plaintiff motion for defendant computer hard drive be retrieved and investigate filed by Sharon L White." Nowhere in either motion is

there any mention of sanctions.

{¶ 26} White further argues that Family Dollar did not respond by the October 31 deadline. While it did not answer the motion for sanctions, Family Dollar did file a memorandum in response to the motion White actually did file - the motion to retrieve the hard drive. The fourth assignment of error is without merit and is overruled.

<u>Fifth and Seventh Assignments of Error</u>

{¶ 27} In her fifth and seventh assignments of error, White contends that the trial court erred when it ordered her March 6, 2024 "Response to Family Dollar Stores of Ohio LLC motion for summary judgment" stricken from the record.

{¶ 28} On February 8, 2024, Family Dollar filed its motion for summary judgment, and thereafter, the trial court set a briefing scheduling; White was to file her motion in opposition by March 7. On February 18, White filed her "Motion to Deny Plaintiff's Motion for Summary Judgment." Family Dollar filed its reply on February 23. A few weeks later, on March 6, White filed another motion in response to Family Dollar's motion for summary judgment, and the court sua sponte struck it from the record.

{¶ 29} As we have mentioned, the trial court had discretion to manage its docket and, here, to strike filings that were "repetitious, unsubstantiated, frivolous, and/or made in bad faith." *State v. Dudas*, 2022-Ohio-1637, ¶ 54 (11th Dist.). White's March 6 filing was a second attempt to respond to Family Dollar's motion for summary judgment, and the court did not abuse its discretion by striking it. The fifth and seventh assignments of error are overruled.

<u>Sixth Assignment of Error</u>

{¶ 30} In her sixth assignment of error, it appears that White argues that the trial court improperly struck two of her surreplies – one filed on February 26, 2024, in response to Family Dollar's motion to dismiss, and a second filed on March 1 in response to its motion for summary judgment.

{¶ 31} The Ohio Rules of Civil Procedure, and specifically Civ.R. 56, do not provide a provision for filing surreplies in the context of motions for summary judgment. *See Berghoff v. Davey Tree Expert Co.*, 2009-Ohio-610, ¶ 29 (8th Dist.); *Hill v. At Home Stores, LLC*, 2023-Ohio-2798, ¶ 16 (6th Dist.). Similarly, the Local Rules of the Montgomery County Common Pleas Court permit a reply brief if the Ohio Civil Rules allow it, but "[n]o additional memoranda shall be filed without leave of the court." Mont. Co. C.P.R. 6.03(B)(3). Hence, White needed permission from the trial court to file either of the surreplies in question. There is nothing in the record to indicate that she sought leave from the court to submit the extra briefs, and even if she had, the court was not required to accept them. Accordingly, the trial court did not abuse its discretion, and the sixth assignment of error is overruled.

### III. Conclusion

{¶ 32} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.